IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
NOV 24 2026
US DISTRICT COURT
WESTERN DISTRICT OF NC

ADEDOYIN ADEKANMBI,
Plaintiff,

v.

CITY OF CHARLOTTE; SGT. PATRICK HOWELL,
COREY WALLER, RYAN WOOD, JERRY CARTER,
and MICAH RAMSEY, in their individual capacities,
Defendants.

Civil Action No. 3:26-cv-1029-MEO

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983) AND STATE LAW CLAIMS

JURY TRIAL DEMANDED

Plaintiff Adedoyin Adekanmbi, proceeding pro se, brings this action under 42 U.S.C. 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under North Carolina law, arising from an unlawful traffic stop, excessive force, and an illegal search by officers of the Charlotte-Mecklenburg Police Department in December 2021.

## I. PARTIES

1. Plaintiff Adedoyin Adekanmbi is a resident of Fort Worth, Texas. His mailing address is P.O. Box 136132, Fort Worth, TX 76135. His telephone number is 206-941-5309 and his email address is aeadekanmbi@gmail.com.
2. Defendant City of Charlotte is a municipal corporation organized under the laws of the State of North Carolina. It operates the Charlotte-Mecklenburg Police Department ("CMPD"). Its address for service is 600 E. 4th Street, Charlotte, NC 28202.
3. Defendant Sgt. Patrick Howell is a sergeant with CMPD. He is sued in his individual capacity. His badge number was not released to Plaintiff and is not known to him at this time; it will be identified through discovery.
4. Defendants Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey are CMPD officers who participated in the stop, detention, and search described below. Each is sued in his individual capacity. Their badge numbers were not released to Plaintiff and are not known to him at this time; they will be identified through discovery.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. 1331 and 1343 because Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments.
6. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. 1367

because they arise from the same events as the federal claims.

7. Venue is proper in the Western District of North Carolina, Charlotte Division, under 28 U.S.C. 1391(b)(2) because the events giving rise to the claims occurred in Charlotte, Mecklenburg County, North Carolina, and Defendant City of Charlotte resides in this District.

## III. FACTS

8. On December 28, 2021, at approximately 7:23 p.m., Plaintiff was driving his black Lincoln MKS sedan in Charlotte, North Carolina, near the intersection of Quail Hollow Road and Carmel Road. Plaintiff was obeying all traffic laws.

9. At approximately 7:23 p.m., a call was received reporting a "possibly stolen vehicle" and describing a black Lincoln MKS sedan. CMPD officers, including Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, stopped Plaintiff's sedan. Plaintiff's vehicle was not stolen.

10. During the stop, the officers drew their guns on Plaintiff, ordered him out of the vehicle, detained him at gunpoint (the dispatch record notes one person at gunpoint at approximately 7:29 p.m.), and searched him and his vehicle without a warrant, without consent, and without probable cause or any lawful basis.

11. The call reported only a possibly stolen vehicle. Upon information and belief, the officers never verified that Plaintiff's vehicle was stolen before conducting a felony stop at gunpoint, and Plaintiff's vehicle was in fact not stolen. There was no lawful basis for the stop, the detention at gunpoint, or the search.

12. Sgt. Patrick Howell later confirmed to Plaintiff that the officers had made a mistake and apologized to Plaintiff for the stop, detention, and search.

13. The Charlotte-Mecklenburg Police Department assigned complaint number 20211228-1922-04 to this incident. No incident report was ever prepared for this matter.

13. As a direct result of Defendants' conduct, Plaintiff suffered severe emotional distress and post-traumatic stress disorder ("PTSD"), including fear, avoidance, panic, nightmares, daytime flashbacks, depression, and anxiety. Plaintiff received treatment at Lakeland Regional Health Behavioral Health Services, Lakeland, Florida, from Trisha Kent Cardillo, on October 23, 2024 and November 20, 2024, for major depressive disorder and PTSD symptoms, and was prescribed sertraline (Zoloft) 50 mg daily and prazosin (Minipress) 1 mg nightly for PTSD nightmares and flashbacks. Plaintiff sought trauma-focused therapy, but it was available only on a waiting list and Plaintiff never received it. The treatment Plaintiff did receive was covered by his state health insurance, which Plaintiff has since lost. Plaintiff stopped attending treatment because he could not afford the cost of care. Plaintiff has not yet received the full course of treatment he requires, including trauma-focused therapy, and seeks damages including the cost of future treatment. Plaintiff's past medical expenses will be proven at trial through the treatment provider's records.

14. Plaintiff has suffered and continues to suffer fear, anxiety, humiliation, loss of sleep, and other emotional and psychological harm, and has incurred and will continue to incur medical expenses, as a result of Defendants' conduct.

## IV. TOLLING AND TIMELINESS

15. Plaintiff alleges that the statute of limitations on his claims should be tolled, and that his claims did not fully accrue until later than the date of the incident, for the following reasons:

16. PTSD and psychological injury: The trauma Plaintiff suffered in the incident caused post-traumatic stress disorder that has impaired his ability to pursue his claims in a timely manner. Out of fear of a recurrence or of being targeted, Plaintiff left Charlotte and the State of North Carolina immediately after the incident. Since then he has lived in fear, looking over his shoulder, and panics whenever he sees a police officer. Over the past few years he has left the country for extended periods to cope and to try to recover mentally, including approximately three and one-half months in Mexico seeking traditional healing. Plaintiff also stopped attending the treatment described in paragraph 13 because he could not afford the cost of care. Plaintiff's condition has made it difficult for him to keep a job; his last regular employment was with JetBlue Airways from October 16, 2025 to February 15, 2026, and he has worked only odds-and-ends jobs since. These symptoms - fear, avoidance, and panic - prevented Plaintiff from returning to Charlotte and from pursuing his claims in person, and delayed his filing.

17. Delayed discovery: Plaintiff did not discover until later that there was no dispatch report of a stolen SUV matching his vehicle, and that the stated basis for the stop was false. The facts showing that the stop lacked any lawful basis were not reasonably available to him at the time.

18. Withheld evidence - body-worn camera recordings: The body-worn camera recordings of the incident were the central evidence of what happened, and Defendants withheld them from Plaintiff for nearly three years. In 2021 Plaintiff filed a petition in the Superior Court of Mecklenburg County, North Carolina, Case No. 21-CVS-7275, seeking release of the recordings under N.C.G.S. 132-1.4A, and pursued the release diligently from 2021 through the hearing on August 9, 2024, while Defendants repeatedly stalled and delayed the release despite Plaintiff's repeated requests. The recordings were not released until a judge ordered their release at that hearing, and CMPD provided a link to the recordings on August 27, 2024. Only one recording was released, and it does not show what happened after the search and detention or the officers' communications during and after the detention. Plaintiff has continued to seek the remaining recordings and the unredacted CAD report, which CMPD has refused to provide without a further court order. Plaintiff did not file a civil action before obtaining the recordings because the recordings were the central evidence of the stop, detention, and search. Plaintiff could not have known the full basis of his claims, including the identities of all officers involved and the absence of any lawful basis for the stop, until the recordings were released to him. The limitations period should be equitably tolled for the period during which the recordings were withheld, and Plaintiff's claims are timely on that basis.

## V. CLAIMS FOR RELIEF

### COUNT I - Fourth Amendment: Unlawful Stop and Seizure (42 U.S.C. 1983)

Against Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, in their individual capacities.

19. Plaintiff realleges and incorporates paragraphs 1 through 18.

20. Defendants stopped and seized Plaintiff without reasonable suspicion or probable cause, in violation of Plaintiff's rights under the Fourth Amendment, as incorporated against the states by the Fourteenth Amendment. The stop was unlawful because Plaintiff's sedan was not a stolen SUV and Defendants had no lawful basis to stop him.

**COUNT II - Fourth Amendment: Excessive Force (42 U.S.C. 1983)**

Against Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, in their individual capacities.

21. Plaintiff realleges and incorporates paragraphs 1 through 18.

22. Defendants used excessive force against Plaintiff by drawing their guns on him and detaining him at gunpoint during a stop that lacked any lawful basis. The force used was objectively unreasonable under the circumstances and violated Plaintiff's Fourth Amendment rights.

**COUNT III - Fourth Amendment: Unlawful Search (42 U.S.C. 1983)**

Against Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, in their individual capacities.

23. Plaintiff realleges and incorporates paragraphs 1 through 18.

24. Defendants searched Plaintiff and his vehicle without a warrant, without consent, and without probable cause or any applicable exception to the warrant requirement, in violation of Plaintiff's Fourth Amendment rights.

**COUNT IV - Fourth Amendment and State Law: False Arrest / False Imprisonment**

Against Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, in their individual capacities.

25. Plaintiff realleges and incorporates paragraphs 1 through 18.

26. Defendants detained Plaintiff without lawful authority or probable cause, depriving him of his liberty in violation of the Fourth Amendment and of North Carolina law prohibiting false imprisonment.

**COUNT V - Municipal Liability (42 U.S.C. 1983; Monell v. Department of Social Services, 436 U.S. 658 (19**

Against Defendant City of Charlotte.

27. Plaintiff realleges and incorporates paragraphs 1 through 18.

28. Defendant City of Charlotte is liable for the violations above because they were caused by its policies, customs, or practices, and by its failure to train, supervise, and discipline its officers, including a failure to train officers to verify a reported stolen vehicle before conducting a felony stop at gunpoint and a failure to supervise officers who conduct stops and searches without a lawful basis.

**COUNT VI - State Law: Intentional Infliction of Emotional Distress**

Against Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey, in their individual capacities.

29. Plaintiff realleges and incorporates paragraphs 1 through 18.

30. Defendants' conduct - stopping Plaintiff at gunpoint based on a false stolen-vehicle claim, detaining him, and searching him without cause - was extreme and outrageous, was intended to cause emotional distress or was recklessly indifferent to that result, and did in fact cause Plaintiff severe emotional distress, including PTSD.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff compensatory damages in an amount to be proven at trial, believed to be between $500,000 and $1,500,000, plus past and future medical expenses;

b. Award Plaintiff punitive damages against the individual Defendants (Sgt. Patrick Howell, Corey Waller, Ryan Wood, Jerry Carter, and Micah Ramsey) in an amount to be determined at trial;

c. Award Plaintiff his costs and reasonable attorney's fees under 42 U.S.C. 1988, to the extent permitted by law;

d. Award pre-judgment and post-judgment interest; and

e. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Adedoyin Adekanmbi*

*(electronically signed)*

Adedoyin Adekanmbi, Plaintiff pro se

P.O. Box 136132, Fort Worth, TX 76135

Telephone: 206-941-5309

Email: aeadekanmbi@gmail.com

Date: November 14, 2026